UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:18-CR-33 JD |
| (3) JERRY HARRIS | |

## OPINION AND ORDER

The defendant, Jerry Harris, proceeding *pro se* without an attorney, has filed a motion labelled as "Motion for Rule 60(b)(6)" which seems to request the Court reconsider its prior denial of his § 2255 petition (DE 350). As this motion is an unauthorized successive 28 U.S.C. § 2255 petition, the motion will be denied.

A full recitation of the history of Mr. Harris' case is included in the Court's prior order denying his § 2255 petition. (*See* DE 324.) The Court will briefly note that it has previously denied Mr. Harris' petition to vacate his conviction pursuant to § 2255 (DE 324), and he unsuccessfully sought to appeal that decision to the Seventh Circuit Court of Appeals. (DE 338.) Mr. Harris has now filed the instant motion which restates the identical substantive legal argument raised in his initial § 2255 petition. Namely that he is entitled to a new sentenced based on the allegedly erroneous application of the sentencing enhancement under 21 U.S.C. § 851. (DE 350 at 2–12.)  The Court has previously rejected this argument. (DE 324.)

The Government filed a response arguing that this motion should be rejected as an unauthorized successive § 2255 petition. Pursuant to 28 U.S.C. § 2255(h), in order to file a second or successive § 2255 petition a defendant must first obtain authorization from the appropriate court of appeals. *See also Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018) (holding unauthorized successive petitions must be dismissed). Mr. Harris has not provided any

evidence that he has obtained the required authorization from the United States Court of Appeal for the Seventh Circuit to pursue a successive § 2255 petition. Therefore, if the Court concludes this is a successive petition it is obligated to deny the motion.

Rule 60(b) authorizes the court to relieve a party from a final judgment based on: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; or . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Further, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Relief under Rule 60(b) is an extraordinary remedy which should not be lightly granted. *Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018).

The Court finds this motion to be an unauthorized successive § 2255 petition and not a proper Rule 60(b) motion. As noted previously, Mr. Harris' instant motion only restates previously rejected arguments. That is manifestly not the purpose of a Rule 60(b) motion. *Caisse Nationale de Credit Agricole*, 90 F.3d at 1270. Moreover, Mr. Harris presents no arguments why the Court's previous order on his § 22255 petition was incorrect or should be amended for one of the reasons listed under Rule 60(b). As such, the Court construes his motion as an unauthorized successive § 2255 petition is and is obligated under the law to deny it. *Adams*, 911 F.3d at 403.

Even if this motion were procedurally proper, the Court would deny this motion on the merits. As described above, Mr. Harris has previously presented the arguments in this motion to

the Court and the Court rejected them. Therefore, the Court would once again deny those arguments on the merits for the reasons previously stated. (DE 324.)

Accordingly, Mr. Harris' motion is DENIED (DE 350).

SO ORDERED.

ENTERED: April 17, 2023

/s/ JON E. DEGUILIO
Chief Judge
United States District Court